AO 91 (Rev. 08/09) Criminal Complaint

# FILED
AUG 12 2021

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
### for the
### Northern District of Oklahoma

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 21-mj-572-SH |
| Ricky Shannon | ) | FILED UNDER SEAL |
| Defendant(s) | ) | |

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 11, 2021__ in the county of __Tulsa__ in the Northern District of Oklahoma, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(1) | Possession of Firearm and Ammunition by a Felon |

This criminal complaint is based on these facts:
See Attached Affidavit by

☑ Continued on the attached sheet.

_Complainant's signature_

TFO Mike Cawiezell, BATFE
_Printed name and title_

Sworn to before me and signed by telephone ~~in my presence~~.

Date: 8/12/21

City and state: Tulsa, OK

_Judge's signature_

SUSAN E. HUNTSMAN
U.S. Magistrate JUDGE
_Printed name and title_

# AFFIDAVIT

Mike Cawiezell "Affiant" being duly sworn does depose and state the following:

## OFFICER BACKGROUND AND INTRODUCTION

1. I am a police officer with the Tulsa Police Department and am currently assigned to the Special Investigations Division and am dually assigned to the Crime Gun Unit and also have been deputized as a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives and I am a Federal law enforcement officer as defined in Rule 41. Prior to working in the Crime Gun Unit, I was an investigator with the Organized Gang Unit and also held positions as a patrol officer in the Riverside Division and the Gilcrease Division. In addition to these full-time positions, I have also held positions of various Departmental Task Forces to include Operation Avalanche, Operation Blue Thunder I, Operation Blue Thunder II, Operation Alpha, and Operation Shot Caller that focused on suppressing violent crime through proactive enforcement.

2. I am a 2006 graduate from the University of Tulsa with a Bachelor's Degree in Sociology. I have also completed the Tulsa Police Department's Police Academy- accredited through the Council on Law Enforcement Education and Training (CLEET), The DEA Basic Narcotics Investigator Course, The Reid Interview and Interrogation School, and the Los Angeles County Gang Investigators course.

3. I have completed continued education to include the CLEET Basic Investigator Course, the Oklahoma Gang Investigator's Association Gangs 101 course, and Multijurisdictional Counterdrug Task Force Training through HIDTA (High Intensity Drug Trafficking Area) in Gangs and the Transnational Threat. Additionally, I have received training in the recognition of controlled dangerous substances by the Tulsa Police Academy.

4. During my tenure as an investigator, I have been the affiant on numerous state and federal search warrants. Additionally, I have been involved in multiple investigations over my career which have resulted in the seizure of controlled substances and firearms, resulting in the successful prosecution of the individuals involved. During my career, I have received hundreds of hours of training, including training regarding the investigation of those who are involved in the armed illicit distribution of controlled substances and training regarding individuals who commit fraudulent acts. I have received training and have experience including but not limited to, working in an undercover capacity, surveillance, management of confidential informants, drug-trafficking conspiracies, money laundering, organized criminal activity investigations, the preparation and execution of firearm and drug related search warrants and debriefing informants and witnesses.

5. I have conducted and assisted in numerous federal firearms and narcotics investigations. As a result of my training and experience, I am familiar with the federal firearms laws and know that it is unlawful for a person who is a previously convicted felon to possess a firearm or ammunition which has been shipped or transported in interstate or foreign commerce, as defined in Title 18 U.S.C. Section 922(g)(1).

6. This Affidavit is for the limited purpose of establishing probable cause to support the Criminal Complaint, so it contains only a summary of relevant facts. I have not included each and every fact known to me concerning the entities, individuals, and the events described in this Affidavit. The statements made in this Affidavit are based in part on: (a) my personal participation in this investigation; (b) information provided to me by other law enforcement officers and agents, and other law enforcement reports; (c) my training and experience and the training and experience of other law enforcement agents and officers; and (d) my review of court records and court documents.

## FACTS SUPPORTING PROBABLE CAUSE

7. On Friday, June 11, 2021 at approximately 0930 hours, Tulsa Police Officers Kidd and Spicer were on directed patrol in the area of 4800 North Peoria Avenue, Tulsa, OK. This area is within the Northern District of Oklahoma.

8. Bureau of Alcohol, Tobacco, Firearms, and Explosives Task Force Officer Cawiezell informed Officers Kidd and Spicer that a silver 2014 Cadillac sedan, bearing Creek Nation license plate H8J93 had previously pulled into and parked in a parking lot in the area of 4800 North Peoria Avenue.

9. Officer Kidd conducted a records check of this vehicle based on the license plate (H8J93) and found that the vehicle was registered at that time to Ricky Shannon at 1410 East Randolph Street, Okmulgee, OK. Shannon is known to Tulsa Police Officers to be a convicted felon out of Oklahoma, to be a known certified gang member, and to be a shooting suspect from a shooting that occurred within Tulsa city limits in September 2020.

10. Officer Kidd ran a record's check based on this information about Ricky Shannon through Teletype. Teletype provided Officer Kidd with the information that Ricky Shannon had a valid Class A Oklahoma driver's license, but that the license was currently suspended.

11. Driving with a suspended license is a violation of Tulsa Municipal Ordinance Title 37 Section 401 which states "Any person who drives a motor vehicle upon any

public roadways, streets, highways, turnpikes or other public places within this City at a time when such person's privilege to do so is canceled, denied, suspended or revoked or at a time when such person is disqualified from so doing shall be guilty of an offense and, upon conviction, shall be punished by a fine of not less than One Hundred Dollars ($100.00) and not more than Five Hundred Dollars ($500.00), excluding costs and assessments, or by imprisonment in the City jail for not more than ninety (90) days or by both such find and imprisonment.

12. ATF TFO Cawiezell advised to Officers Kidd and Spicer that he observed a black male exit the silver 2014 Cadillac sedan bearing Creek Nation tag H8J93 and walk into a building in the area of 4800 North Peoria Avenue.

13. TFO Cawiezell advised that he conducted surveillance on the 2014 Cadillac sedan bearing Creek Nation tag H8J93 from the time it pulled into the parking lot with the black male exiting the vehicle and entering the building in the area of 4800 North Peoria Avenue until the black male exited the building and got back into the vehicle in the area of 4800 North Peoria Avenue. During this time TFO Cawiezell did not see any other individual get into or get out of the 2014 Cadillac sedan bearing H8J93.

14. Bureau of Alcohol, Tobacco, Firearms, and Explosives Senior Special Agent Brett Williams was also in the area of 4800 North Peoria conducting surveillance at this time. SSA Williams advised Officers Kidd and Spicer that after the black male (who at this time was believed to be Shannon) exited the building he got into the Cadillac sedan and begin to pull out of the parking lot to the south onto East 47th Place North.

15. As the vehicle approached North Peoria Avenue on East 47th Place North, SSA Williams observed the Cadillac sedan bearing H8J93 approach a stop sign and turn south onto North Peoria Avenue. SSA Williams advised that the vehicle did not come to a complete stop at the stop sign and failed to use a turn signal while turning south onto North Peoria Avenue.

16. Failing to come to a complete stop at a stop sign is a violation of Tulsa Municipal Ordinance Title 37, Section 610 which states: "The driver of the vehicle shall completely stop his vehicle before entering any intersection where official stop signs have been erected. Vehicle stops at stop signs shall be made with the vehicle ceasing all forward movement, in the proper lane and behind the extending curb-line of the intersecting street. The driver of the vehicle at a stop sign shall stop in a position where he has complete visibility to the right and left of the intersection and having so stopped shall yield right-of-way to all other vehicles already in motion in the

3

intersection or so close as to constitute an immediate hazard. When two (2) or more vehicles stop in a consecutive line at an intersection controlled y a stop sign, each vehicle must pull forward to the stop sign or curb-line of the intersecting street and complete cease all forward movement before proceeding the intersection."

17. Failing to use a turn signal is also a violation of Tulsa Municipal Ordinance Title 37, Section 625 which states: Every driver, before turning, stopping or slowing his vehicle, shall give the following hand or light signals or both: A. For a left turn, the driver 's left hand and arm shall be held horizontally outside the vehicle to indicate turning intention, or a blinker light on the front and rear of the vehicle shall indicate the direction of turning..."

18. Officer Kidd advised that he and Officer Spicer, riding as a two-man unit in Officer Kidd's police vehicle, pulled behind the Cadillac bearing H8J93 and believed to be driven by Ricky Shannon in the area of 4700 North Peoria Avenue. Officer Kidd stated in his original report that he activated his emergency equipment to include emergency lights and siren in the area of 4500 North Peoria Avenue.

19. Officer Kidd stated in his original report that the Cadillac bearing H8J93 and believed to be driven by Ricky Shannon continued to "slow roll" or drive slowly and not yield to the emergency lights of the police vehicle while continuing to the area of 3800 North Peoria Avenue, where the vehicle stopped.

20. Officer Kidd stated he was able to observe the driver of the vehicle, believed to be Shannon, make distinct reaching movements with his right hand from the driver's seat toward the passenger's side of the vehicle. Officer Kidd was able to observe the driver, believed to be Shannon, to have an object in his right hand while he was driving slowly and erratically, which Officer Kidd states that he knows from his training and experience that individuals who fail to yield during a traffic stop while reaching to different areas of their vehicle often attempt to hide or conceal objects or contraband, such as firearms, so as to avoid detection by officers.

21. Officer Kidd stated that after Cadillac bearing H8J93 pulled into the parking lot in the area of 3800 North Peoria Avenue, the vehicle continued to roll for a few seconds before stopping. Your affiant informed Officer Kidd that Ricky Shannon was a convicted felon out of Oklahoma and a certified 107 Hoover criminal street gang member. Additionally, your affiant also informed Kidd that Shannon was also a suspect in a shooting in Tulsa in September 2020. Officer Kidd knows from his training and experience that criminal street gang members often carry firearms as a means of protection from rival street gang members. Officer Kidd also ran a records

4

check and was informed by TPD Teletype that Shannon had a valid but suspended class A Oklahoma driver's license.

22. Officer Kidd advised that based on the previously stated observed actions of the driver and the vehicle, and with upon contacting the driver and positively identifying him as Ricky Shannon and with the knowledge of Shannon's involvement in and being a member of a criminal street gang, he removed Shannon from the vehicle and detained him in handcuffs.

23. Officer Kidd then stated that he and Officer Barnhart conducted a Terry Frisk of the vehicle in the immediate reach area of where Shannon was sitting. Officer Barnhart discovered a Glock 30, Gen 4, .45 caliber semi-automatic firearm under the passenger's seat. Upon discovering the firearm, Officers Barnhart and Kidd discovered the firearm to be loaded with an extended or high-capacity magazine, and found to be both chamber and magazine loaded.

24. Officer Kidd found Ricky Shannon to be a convicted felon out of Oklahoma, and to have Oklahoma Department of Corrections #499219.

25. Officer Kidd advised that all of the evidence recovered during the traffic stop of the Cadillac bearing H8J93 was transported to the Special Investigations Division in the trunk of his assigned patrol vehicle. The evidence was turned in to the property room by Officer Barnhart and Officer Kidd on a Temporary Tulsa Police Property Receipt.

26. The following items were recovered during the traffic stop: 1. Glock 30, Gen 4, semi-automatic pistol, black in color with serial number VDN210. 2. Extended magazine, loaded with some ammo, as well as round that was loaded in chamber of firearm. 3. Wallet, contained personal items belonging to owner (Ricky Shannon) turned in Hold for Owner, and 4. a cellular phone.

27. Ricky Shannon was uncooperative with officers and refused to make a statement during the contact and subsequent arrest. Shannon, an enrolled member of the Muscogee Creek Nation, was contacted within the historical boundaries of the Cherokee Nation and was transported to the Rogers County jail with a hold for the Cherokee Nation Marshal Service. The Cadillac was towed from the location to Allied Towing. Pursuant to TPD policy, officers conducted an inventory and completed a Tow-In-Report.

28. Officers and Agents began observing a subject that they believed to be Ricky Shannon as a vehicle bearing Creek Nation license plate H8J93 pulled into a parking lot in the area of 4800 North Peoria Avenue. Beginning with this event, Officers and Agents never observed anyone other than the subject they believed to Shannon, and who later proved to be Shannon, enter, exit, or have access to the vehicle bearing license plate H8J93. As the subject believed to be Shannon exited the building and got into the driver's seat of the vehicle, officers and agents never observed anyone but the person believed to be Shannon enter, exit or have access to the car. Constant eyes-on surveillance was conducted during this time, from Shannon exiting the building, to being contacted by Officers Kidd and Spicer contacting Shannon in the car during a traffic stop. At no point did any officer or agent observe anyone else to be in or have access to the vehicle bearing license plate H8J93.

29. All of these above-described June 11, 2021 events occurred within the Northern District of Oklahoma.

30. ATF Special Agent Brett Williams conducted an interstate nexus examination of the firearms and ammunition located by officers. Williams determined that the Glock 30 Gen 4 firearm was a firearm as defined in 18 U.S.C. § 921(a)(3), and was not manufactured in the State of Oklahoma. Withem also determined that the ammunition fell within the federal definition of ammunition under 18 U.S.C. § 921(a)(17)(A) and was not manufactured in the State of Oklahoma.

31. Utilizing the Oklahoma Department of Corrections OK Offender Lookup, Officer Cawiezell conducted a criminal history search of Ricky Shannon. Officer Cawiezell found that Ricky Shannon is a convicted felon, having been convicted of the following offenses:

    a. CF-2005-2104 (Tulsa County) Distribution of CDS / Possession With Intent
    b. CF-2006-3765 (Tulsa County) Distribution of CDS / Possession With Intent
    c. CF-2012-4677 (Tulsa County) Possession of Controlled Substance
    d. CF-2011-366 (Okmulgee County) Distribution of CDS / Possession With Intent

32. To the best of your affiant's knowledge and belief, all statements made in this affidavit are true and correct. Based on the foregoing facts, I believe probable cause exists for the issuance of an arrest warrant for Ricky Shannon for Felon in Possession of a Firearm and Ammunition Title 21 U.S.C. §§ 922(g)(1) for incidents described in this criminal complaint.

_____
Task Force Officer, Mike Cawiezell
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to and subscribed before me by telephone this 12th day of August, 2021.

_____
Susan Huntsman, U.S. Magistrate Judge