IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               **Plaintiff,**<br><br>v.<br><br>RICKY LARON SHANNON,<br><br>               **Defendant.** | Case No. 21-CR-366-JFH |

## OPINION AND ORDER

Before the Court is an Unopposed Amended Motion to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255 ("Amended Motion") filed by Defendant Ricky Laron Shannon ("Defendant"). Dkt. No. 69. The Amended Motion states that the United States of America ("Government") does not oppose the requested relief. *Id.* at 1. For the reasons set forth below, the Amended Motion is GRANTED.

On September 29, 2022, Defendant was convicted of two counts of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Dkt. No. 28. On March 29, 2022, he was sentenced by this Court to ninety-six (96) months imprisonment on each count, with both terms to run concurrently with one another and with three years of supervised release to follow. Dkt. No. 37. The Court entered its judgment on April 7, 2022. Dkt. No. 39. Defendant did not appeal, thereby rendering the judgment "final" for purposes of Section 2255 on April 21, 2022. *See* 18 U.S.C. § 2255(f)(1) (providing that the one-year period of limitation to file a motion under the Antiterrorism and Effective Death Penalty Act shall run, in relevant part, from "the date on which the judgment of conviction becomes final"); 16A Fed. Proc., L. Ed. § 41:514 ("An unappealed federal criminal judgment becomes final for purposes of calculating the filing period when the time for filing a direct appeal expires.").

Defendant submitted his original motion for relief under Section 2255 while proceeding pro se. *See generally* Dkt. No. 42. The original motion was timely filed on April 10, 2023. *Id.* Defendant has since retained counsel. Dkt. No. 60. He now seeks to withdraw all of his previous claims and instead argue that his sentence was imposed under a miscalculated guideline range. Dkt. No. 69 at 3. In particular, he contests the two points added to his criminal history score pursuant to USSG §4A1.1(d)—later amended and renumerated at §4A1.1(e)—on account of his commission of the offense conduct while supposedly under a criminal justice sentence imposed in Okmulgee County District Court Case Number CF-2011-366B. *See* Dkt. No. 70-1 at ¶ 34. This two-point addition raised Defendant's criminal history score from 12 to 14, thereby elevating his criminal history category from V to VI. *Id.* Consequently, his guideline range of imprisonment was determined to be 92-115 months. *Id.* at ¶ 58. Without the additional points, Defendant's guideline range would have been 84-105 months. *See* United States Sentencing Commission, *Guidelines Manual*, Ch. 5, Pt. A, Sentencing Table (Nov. 2021).

The Presentence Investigation Report ("PSR") indicates that the sentence imposed in Okmulgee County District Court Case CF-2011-366B was "10 years custody DOC, with all but first 8 years suspended" on Count One and "1 year custody Okmulgee County Jail" on Count Two, with both counts "to run concurrently with each other." Dkt. No. 70-1 at ¶ 32. The PSR further indicates that Defendant ultimately served only a small fraction of this time and was "[r]eleased from custody to post-conviction supervision" on October 29, 2015. *Id.* Upon serving his remaining two-year suspended sentence, Defendant would have ostensibly discharged the Okmulgee County sentence in full on or around October 29, 2017.[1]

---

[1] Defendant states that the "Oklahoma DOC's inmate locator reflects that Mr. Shannon fully discharged his sentence on July 22, 2016." Dkt. No. 69 at 2. He cautions, however, that "the Oklahoma DOC calculator can be prone to error." *Id.* Review of the database record in question

The offense conduct resulting in Defendant's instant conviction occurred on June 11 and August 13, 2021.  Dkt. No. 70-1 at ¶¶ 6-7.  By that time, Defendant would not have foreseeably remained under the Okmulgee County sentence based upon the release date cited in the PSR, and the record does not otherwise appear to contain any evidence to support the two-point addition made to his criminal history score under USSG §4A1.1.  *Compare id.* at ¶ 34, *with id.* at ¶ 32.

"In the ordinary case, . . . the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings."  *Rosales-Mireles v. United States*, 585 U.S. 129, 145 (2018).  Where the miscalculation is "reasonably likely to have resulted in a longer prison sentence than necessary," a defendant's sentence must be vacated absent "countervailing factors that otherwise further the fairness, integrity, or public reputation of judicial proceedings."  *Id.* at 143.  Because there are no such countervailing factors present in this case, the Court finds that Defendant's Amended Motion should be granted.

IT IS THEREFORE ORDERED that Defendant's Unopposed Amended Motion to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255 [Dkt. No. 69] is GRANTED.  Defendant's sentence [Dkt. No. 39] is hereby VACATED, and the matter shall be set for resentencing by separate order.

Dated this 21st day of November 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

further reveals that it is "Missing Legacy OMS Sentence Data" for Defendant's sentence in the Okmulgee County case.  Offender Data for Ricky L. Shannon (OK DOC#: 499219), Okla. Dep't of Corr. Offender Lookup (last visited Oct. 31, 2025), accessible at https://okoffender.doc.ok.gov/.  Because the Court has not been presented with any evidence to verify this date, it must rely instead on the information supplied in the PSR.